UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 21 - 688 (RDM) |
| v. | : | |
| AHMAD IRAVANI, | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### *Summary of Plea Agreement*

Defendant Ahmad Iravani ("IRAVANI") agrees to admit guilt and enter a plea of guilty to the Information, which charges IRAVANI with Wire Fraud, in violation of 18 U.S.C. § 1343.

### I.   Elements of the Offense

In order to prove a violation of 18 U.S.C. § 1343, the government must prove the following elements: (1) that the Defendant knowingly devised or participated in a scheme to defraud; (2) that the Defendant did so willfully and with an intent to defraud; and (3) that the Defendant used interstate wires for the purpose of executing the scheme.

### II.  Statement of Facts

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America and Defendant IRAVANI, with the concurrence of his attorney William F. Coffield, Esq., agree that had this case gone to trial, the government would have proven the following facts, among others, beyond a reasonable doubt:

### *Relevant Background and the Scheme to Defraud*

1.  The Center for the Study of Islam and the Middle East ("CSIME") is a not-for profit organization that was founded in or around 2010. According to its website, CSIME is "a Washington-based nonpartisan, nonprofit organization committed to interfaith dialogue and the

study of Islam and the Middle East," and has an office located at 319 V Street N.E., Washington, D.C. 20002. Defendant IRAVANI is the founder and executive director of CSIME.

2. As part of IRAVANI's 2010 sworn application to the Internal Revenue Service ("IRS") on behalf of CSIME for 501(c)(3) tax-exempt status, IRAVANI affirmed that he was an owner of the property located at 319 V Street N.E., Washington, D.C. 20002, and that he leased it to CSIME in connection with the organization's work.

3. On or about March 24, 2010, IRAVANI opened a business bank account ending in -3004 at TD Bank, N.A. for CSIME (hereinafter, the "TD Bank account"). During the relevant period, IRAVANI was the sole signatory on the TD Bank account, and the mailing address for the TD Bank account was listed as 319 V Street N.E., Washington, D.C. 20002. During the relevant period, CSIME-related mail, including correspondence concerning its TD Bank account, was sent to this Washington, D.C. address.

4. Victim Organization 1 is an organization based in Oslo, Norway, that facilitates international dialogue and conducts research on the conditions of peaceful relations between states, groups, and people. On multiple occasions during the relevant period, IRAVANI participated in overseas conferences and meetings sponsored by various organizations, including Victim Organization 1, and was reimbursed by these organizations for his travel to and from these overseas events.

5. From at least as early as October 1, 2016, through in or around at least December 2018, IRAVANI knowingly and willfully devised and intended to devise a scheme to defraud various individuals, entities, and non-governmental organizations, including Victim Organization 1, for his own personal benefit and the benefit of others. IRAVANI carried out the scheme to defraud by using CSIME's bank accounts to obtain money by means of materially false and fraudulent pretenses, representations, and promises. As part of the fraudulent scheme, and through

2

the use of CSIME's bank accounts, IRAVANI knowingly submitted thousands of dollars' worth of false travel vouchers to victim organizations, including Victim Organization 1, for the purpose of seeking reimbursement for the costs of flights not taken, travel itineraries not used, or both.

6. In furtherance of the scheme to defraud, IRAVANI would book flights to and from a specific overseas event to which he had been invited to participate by Victim Organization 1, or others, through the travel booking website Expedia using his personal credit card. IRAVANI would then quickly cancel this Expedia reservation and receive a refund in connection with the booking. Around the same time, IRAVANI would also knowingly and willfully book a cheaper set of international flights through another travel booking website, then use this less expensive set of tickets to travel to and from the overseas event.

7. Thereafter, IRAVANI would knowingly submit a reimbursement request to Victim Organization 1, and others, fraudulently representing that he had traveled on the more expensive cancelled Expedia itinerary flights - often attaching the canceled Expedia itinerary in support thereof - when in fact and as he well knew, he had actually traveled on the cheaper set of flights.

8. As a result of this scheme which IRAVANI devised, on numerous occasions between October 1, 2016, and December 2018, including those detailed below, as a result of IRAVANI's materially false and fraudulent representations, and as IRAVANI well knew, Victim Organization 1, and others, reimbursed IRAVANI including via electronic wire transfer, more than $45,000 in excess of the amount for which he was actually entitled.

### *Example #1 - October 2016 Round Trip Travel from Washington D.C. for Event in Bern, Switzerland*

9. The investigation revealed that in or around mid-2016, Victim Organization 1 invited IRAVANI to travel from Washington, D.C. to Bern, Switzerland in order to participate in a meeting involving participants from the United States, Iraq, and other countries scheduled for

3

October 18,19, 2016. As part of this invitation, Victim Organization 1 agreed to reimburse IRAVANI for his travel to and from the event.

10. Thereafter, Expedia records obtained by law enforcement revealed that on or about October 1, 2016, IRAVANI electronically purchased Expedia itinerary 7214662005464 for approximately $5,495.43, using his personal credit card. Pursuant to this Expedia itinerary, IRAVANI reserved a flight departing October 14, 2016, on Scandinavian Airlines Flight No. 926 from Washington/Dulles to Copenhagen, then a flight on Scandinavian Airlines Flight No. 1416 from Copenhagen to Stockholm, followed by a Scandinavian Airlines Flight No. 2615 from Stockholm to Geneva. The Expedia itinerary detailed an October 21, 2016, return flight on Scandinavian Airlines Flight No. 618 from Geneva to Copenhagen, followed by Scandinavian Airlines Flight No. 925 from Copenhagen to Washington/Dulles.

11. According to Expedia records and emails obtained via a search warrant executed as part of the investigation, on or about October 2, 2016, less than one day after booking his Expedia itinerary, IRAVANI canceled it and subsequently received an email from Expedia confirming that his itinerary had been cancelled and that $5,495.43 would be refunded to his credit card.

12. Email and bank records obtained as part of the investigation revealed that less than one hour after IRAVANI canceled the Expedia itinerary, he purchased another less expensive set of outbound flights through the United Airlines website for approximately $97.50 and 70,000 frequent flier miles, using his personal credit card. Pursuant to this United itinerary, IRAVANI reserved a flight departing on October 16, 2016, on Scandinavian Airlines Flight No. 926 from Washington/Dulles to Copenhagen, followed by a flight on Scandinavian Airlines Flight No. 613 from Copenhagen to Geneva.

13. On or about October 14, 2016, IRAVANI also purchased a less expensive return ticket via the United Airlines website for approximately $972.29, using his personal credit card.

4

Pursuant to this United itinerary, IRAVANI reserved a series of return flights from the Bern event that included transit through Zurich, Abu Dhabi, Manila, and Kuala Lumpur, before ultimately arriving back at Washington/Dulles on or about November 6, 2016.

14. Travel records obtained by law enforcement revealed that IRAVANI was a confirmed passenger on the October 16, 2016 outbound flight from Washington/Dulles to Copenhagen, and the November 6, 2016 inbound flight from Abu Dhabi to Washington/Dulles. Likewise, travel records also confirmed that IRAVANI was not on board the October 14, 2016 outbound, or the October 22, 2016, inbound, flights listed in the Expedia itinerary.

15. Thereafter, upon conclusion of the conference and as part of an email dialogue about travel reimbursement during which Victim Organization 1 asked IRAVANI for boarding passes and receipts, on or about October 19, 2016, IRAVANI sent an email to Victim Organization 1 in which he stated "attached is a list of expenses [. . .]" The attachments to the email included a typed invoice written on CSIME letterhead bearing the address of 319 V Street N.E., Washington, DC 20002, listing IRAVANI's purposed travel expenses, to include $5,495 for "air ticket." Also attached in support of the requested funds were several pages of receipts, including a copy of the cancelled October 1, 2016 Expedia itinerary.

16. Bank records reveal that on or about November 11, 2016, as a result of the false and fraudulent flight information that IRAVANI knowingly and willfully submitted to Victim Organization 1, IRAVANI caused to be transmitted by means of wire communication in interstate commerce an electronic wire transfer in the approximate amount of $4,361 from a Norwegian bank account belonging to Victim Organization 1, to the CSIME TD Bank account.[1]   Internal

---

1 Although this payment appears on its face to be less than the $5,495.43 submitted by IRAVANI in connection with purported airfare expenses, bank records, emails, and documents obtained from Victim Organization 1 reveal that prior to this November 11, 2016, wire payment, IRAVANI was also reimbursed additional funds encompassing both travel expenses from the Bern event and other business arrangements between IRAVANI and Victim Organization 1.

5

accounting records obtained by law enforcement from Victim Organization 1 also reflect reimbursement paid to IRAVANI through the CSIME TD Bank account, via electronic wire transfer and other means, based on the false and fraudulent airfare representations made by IRAVANI to the organization.

*Example #2 - May 2018 Round Trip Travel from Washington D.C. for Event in London, England*

17. In or around early 2018, Victim Organization 1 invited IRAVANI to travel from Washington D.C. to London, England, to participate in an organizational planning meeting scheduled for May 14-15, 2018. As part of this invitation, Victim Organization 1 agreed to reimburse IRAVANI for his travel to and from the event.

18. Financial records obtained during the investigation reveal that on or about March 17, 2018, IRAVANI purchased round trip flights through the United Airlines website for approximately $629.86 using his personal credit card. Pursuant to this United itinerary, IRAVANI reserved a flight departing May 12, 2018, on United Airlines Flight No. 918 from Washington/Dulles to London, and a return flight departing May 20, 2018, on United Airlines Flight No. 919 from London to Washington/Dulles. On or about May 20, 2018, IRAVANI also received an email from United Airlines confirming his itinerary and including the receipt for his flights purchased via United for approximately $629.86.

19. In furtherance of the fraudulent scheme, on or about April 15, 2018, IRAVANI also purchased a significantly more expensive set of tickets for the same flights between Washington/Dulles and London using Expedia. Specifically, IRAVANI purchased Expedia itinerary 7345105538053 for approximately $3,656.91, using his personal credit card. Pursuant to this Expedia itinerary, IRAVANI reserved a flight departing May 12, 2018, on United Airlines Flight No. 918 from Washington/Dulles to London, and a May 20, 2018, return flight on United

Airlines Flight No. 919 from London to Washington/Dulles. Less than ten minutes after purchasing this Expedia itinerary, IRAVANI knowingly and willfully cancelled it.

20. Travel records obtained by law enforcement revealed that IRAVANI was a confirmed passenger on the May 12, 2018, outbound flight from Washington/Dulles to London, and the May 20, 2018, inbound flight from London to Washington/Dulles.

21. On or about May 22, 2018, IRAVANI sent an email to Victim Organization 1 with the subject line "London Travel Expenses," seeking reimbursement for his recent travel to London on behalf of CSIME. In the body of the email, IRAVANI wrote "please see the attachments and let me know if you need more information." Attached to the email was a typed list of IRAVANI's purposed travel expenses, to include "Ticket (Washington-London-Washington): $3,657."

22. On or about May 29, 2018, Victim Organization 1 emailed IRAVANI noting that they were processing the travel reimbursement for London but still needed "[. . .] the ticket (or receipt) showing the price (3657 USD)." On or about May 31, 2018, IRAVANI responded via email, apologizing for forgetting to send it, and attaching a copy of cancelled Expedia itinerary 7345105538053 indicating airfare purchased for the approximate amount of $3,656.91.

23. Bank records reveal that on or about July 5, 2018, as a result of the false and fraudulent flight information that IRAVANI knowingly and willfully submitted to Victim Organization 1 for his travel, IRAVANI caused to be transmitted by means of wire communication in interstate commerce an electronic wire transfer in the approximate amount of $3,840 from a Norwegian bank account belonging to Victim Organization 1, to a Bank of America account ending in -7610 controlled solely by IRAVANI. Internal accounting records obtained by law enforcement from Victim Organization 1 also reflect reimbursement paid to IRAVANI, via electronic wire transfer and other means, based on the false and fraudulent airfare representations made by IRAVANI to the organization.

### *Example #3 - December 2018 Round Trip Travel from Washington D.C. for Event in Istanbul, Turkey*

24. In late 2018, Victim Organization 1 invited IRAVANI to travel from Washington D.C. to Istanbul, Turkey to participate in a conference hosted by Victim Organization 1 called "Trust Building in Iraq: Current Challenges and Opportunities." The conference was scheduled for December 8-10, 2018. As part of this invitation, Victim Organization 1 agreed to reimburse IRAVANI for his travel to and from the event.

25. Financial records revealed that on or about November 18, 2018, IRAVANI purchased round trip flights through the United Airlines website for approximately 100,000 frequent flier miles and $148.63, using his personal credit card. Pursuant to this United itinerary, IRAVANI reserved a flight departing December 6, 2018, on United Airlines Flight No. 946 from Washington/Dulles to Amsterdam, followed by Turkish Airlines Flight No. 1952 from Amsterdam to Istanbul. On the same United Airlines itinerary, IRAVANI purchased a return flight departing December 12, 2018, on Turkish Airlines Flight No. 1591 from Istanbul to Frankfurt, followed by a December 13, 2018, Lufthansa Airlines Flight No. 418 from Frankfurt to Washington/Dulles.

26. As part of the fraudulent scheme, approximately twelve minutes after booking his flight on the United website, IRAVANI also knowingly and willfully purchased a significantly more expensive set of tickets for round trip travel between Washington/Dulles and Istanbul using Expedia. Specifically, IRAVANI purchased Expedia itinerary 7392920644331 for approximately $5,008.13, using his personal credit card. Pursuant to this Expedia itinerary, IRAVANI reserved a flight departing December 6, 2018, on United Airlines Flight No. 106 from Washington/Dulles to Munich, followed by Turkish Airlines Flight No. 1630 from Munich to Istanbul. IRAVANI also purchased return flights, one leg of which was the same flight that he had already purchased as part of his United Airlines itinerary. That is, he booked a return flight departing December 12, 2018, on Turkish Airlines Flight No. 1591 from Istanbul to Frankfurt, followed by a flight

8

departing December 13, 2018, on United Airlines Flight No. 8827 from Frankfurt to Washington/Dulles. Thereafter, on or about November 19, 2018, less than one day after purchasing this Expedia itinerary, IRAVANI knowingly and willfully cancelled it. That same day, IRAVANI received an email from Expedia confirming that Expedia itinerary 7392920644331 had been cancelled, and that approximately $5,008.13 had been refunded to his credit card.

27. Travel records obtained by law enforcement revealed that IRAVANI was a confirmed passenger on the same flights as those listed on his United Airlines itinerary. That is, travel records confirm IRAVANI was a passenger on the December 6, 2018, United Airlines Flight No. 946 outbound flight from Washington/Dulles, and on the December 12, 2018, Lufthansa Airlines Flight No. 418 inbound flight from Frankfurt to Washington/Dulles.

28. In furtherance of the scheme to defraud, on or about December 15, 2018, IRAVANI sent an email to Victim Organization 1 with the subject line "Expenses doe [sic] Istanbul Meeting." In the body of the email, IRAVANI asked for Victim Organization 1 to send him reimbursement to the CSIME TD Bank account and directed the organization to review the four attachments to the email. One of the attachments was titled "Istanbul Meeting Total." It was a typed invoice written on CSIME letterhead bearing the address of 319 V Street N.E., Washington, DC 20002, listing IRAVANI's purposed travel expenses, to include $5,008 for "Iravani Ticket." Also attached in support of the requested funds was a copy of the cancelled November 18, 2018, Expedia itinerary 7392920644331 indicating airfare purchased for the approximate amount of $5,008.13.

29. Accordingly, or about December 21, 2018, as a result of the false and fraudulent flight information that IRAVANI knowingly and willfully submitted to Victim Organization 1, IRAVANI caused to be transmitted by means of wire communication in interstate commerce an electronic wire transfer in the approximate amount of $8,271 from a Norwegian bank account

belonging to Victim Organization 1, to the CSIME TD Bank account.[2] Internal accounting records from Victim Organization 1 also reflect inflated reimbursement paid to IRAVANI, via electronic wire transfer and other means, based on the false and fraudulent airfare representations IRAVANI knowingly and willfully made by IRAVANI to the organization.

### III. Limited Nature of Proffer

30. The information contained in his proffer is not a complete recitation of all the facts and circumstances, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1343, that, is, Wire Fraud, as charged in the Information.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: *Anne McNamara*
Anne P. McNamara
D.C. Bar Number 1006550
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 809-3502
Anne.McNamara2@usdoj.gov

Dated: November 9, 2021

---

[2] This electronically transferred reimbursement in the approximate amount of $8,271 includes money for both the fraudulent air travel representations, and for other expenses that IRAVANI submitted to Victim Organization 1 for reimbursement.

10

**DEFENDANT'S ACKNOWLEDGMENT**

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all the facts known to me regarding this offense. I have read every word of this Statement of Offense and have carefully reviewed every part of it with my attorney, William F. Coffield, Esq. Pursuant to Federal Rule of Criminal Procedure 11, I fully understand the Statement of Offense and agree and stipulate to it knowingly, voluntarily and without reservation, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I am pleading guilty because I am in fact guilty of the offense identified above. I reaffirm that absolutely no other promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth above. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters related to it.

Date: 11/18/2021

Ahmad Iravani
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have reviewed every part of this Statement of Offense with my client, Ahmad Iravani, and fully discussed the provisions of it with my client. It accurately and completely set forth the Statement of Offense agreed to by the parties, and I concur in my client's desire to adopt and stipulate to this Statement of Offense.

Date: 11-19-2021

William F. Coffield, Esq.
Counsel for Defendant

11